```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:13-cr-127-FtM-29DNF

ULYSSES RICHMAN
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion Under Federal Rules of Criminal Procedure, Pursuant to Rule 52(b), for Plain Error (Doc. #105) filed on March 23, 2018. Read liberally, defendant asserts that plain error under Rule 52(b) occurred when the Armed Career Criminal Act was utilized to enhance his sentence. The government did not file a response.

**I.**

Defendant pleaded guilty to being a felon in possession of a firearm and to possession with intent to distribute cocaine. (Docs. #51, #53.) During the change of plea, defendant stated that he understood that the mandatory minimum sentence in his case would be 15 years. (Doc. #90, pp. 11-12.) On October 27, 2014, defendant was sentenced to 180 months as to each count, to be served concurrently, followed by a term of supervised release. (Doc. #66.) At sentencing, defendant was found to be both a career offender and an armed career criminal based upon three prior state drug convictions:

> Sale or Delivery of Cocaine in the Circuit Court, 20th Judicial Circuit, in and for Lee County, Florida, in Case No. 04-CF-001664, convicted on October 19, 2004;
>
> Sale or Delivery of Cocaine in the Circuit Court, 20th Judicial Circuit, in and for Lee County, Florida, in Case No. 06-CF-020666, convicted on July 25, 2008; and
>
> Sale or Delivery of Cocaine Circuit Court, 20th Judicial Circuit, in and for Lee County, Florida, in Case No. 08-CF-014837, convicted on August 7, 2008.

(Doc. #57, ¶¶ 26-27.) Defendant had pled nolo contendere and was adjudicated guilty in all three Florida State cases for the sale or delivery of cocaine in violation of Fla. Stat. § 893.13, a second degree felony that carries a term of imprisonment not exceeding 15 years. Fla. Stat. §§ 893.13(1)(a); 775.082(3)(d).

Defendant now asserts that there was plain error in his case because he had no violent felony convictions and he did not have three drug convictions for which he received an actual sentence in excess of one year.

## II.

The motion will be dismissed because the Court has no jurisdiction to entertain it. Alternatively, the motion will be denied because there was no error, plain or otherwise, in defendant's case.

### A. Subject Matter Jurisdiction

The Court has an obligation to determine if it otherwise has authority to consider defendant's request. The authority of the

Court is an issue of law. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). The Court has no inherent power to correct an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. Diaz-Clark, 292 F.3d at 1315.

The Court finds no authority to change or vacate the sentence. Nothing in Rule 52(b) provides the Court with jurisdiction. As stated in United States v. Frazier:

> Frazier's reliance on Rule 52(b) is misplaced. Rule 52(b) governs in criminal appeals and "provides a court of appeals [with] limited power to correct" forfeited errors. United States v. Olano, 507 U.S. 725, 731 (1993) (emphasis added). Because Rule 52(b) governs appeals, not post-conviction motions to amend sentences, see id., the district court had no jurisdiction under Rule 52(b) to modify Frazier's sentence. Cf. Diaz-Clark, 292 F.3d at 1317 (explaining that a district court's modification of a sentence without the requisite jurisdiction is a "legal nullity").

517 F. App'x 758, 759 n.1 (11th Cir.2013). There is no other basis for jurisdiction in the district court to consider defendant's motion, and it will therefore be dismissed for lack of

jurisdiction.

   **B. Alternative Merits Decision**

Assuming alternatively that the Court has some basis for jurisdiction, the Court finds no plain error in the application of the enhancement because the actual sentence imposed by the state courts bears no relevance to the application of the Armed Career Criminal Act, and defendant does not argue that any of the underlying convictions were overturned. Under Section 922(g), it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm or ammunition in interstate commerce. 18 U.S.C. § 922(g)(1). Therefore, the underlying predicate offenses need only carry a potential term exceeding one year; it is not required that defendant receive an actual sentence in excess of one year. Under the Sentencing Guidelines, a "prior felony conviction means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony **and regardless of the actual sentence imposed**." U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1 (2013) (emphasis added). See also United States v. Bercian-Flores, 786 F.3d 309, 316 (4th Cir. 2015); United States v. Carr, 513 F.3d 1164, 1166 (9th Cir. 2008); United States v. Haley, 129 F.3d 612 (5th Cir. 1997).

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion Under Federal Rules of Criminal Procedure, Pursuant to Rule 52(b), for Plain Error (Doc. #105) is **DISMISSED, OR IN THE ALTERNATIVE, DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of April, 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Defendant