UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ULYSSES RICHMAN,

       Petitioner,

v.                               Case No:  2:19-cv-732-FtM-29NPM
                                  Case No. 2:13-CR-127-FTM-29NPM

UNITED STATES OF AMERICA,

       Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on the following seven petitions or motions filed by petitioner Ulysses Richman (Petitioner or Richman) challenging his federal conviction for possession of a firearm by a convicted felon: (1) Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #110)[1] and Memorandum In Support (Cv. Doc. #2); (2) [Motion for] Summary Judgement Rule 56(a) (Cv. Doc. #13); (3) [Motion for] Summary Judgement Rule 56(a) (Cv. Doc. #14); (4) Motion Rule 52(b) (Cv. Doc. #15); (5) First Amendment Petition (Cv. Doc. #18); and (6) Motion to Amend Jurisdictional Claim to 2255(a)(1)-(a)(2) Petition

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc." The page numbers cited by the Court refer to the computer-generated page numbers on the upper right corner of the document and may be different than the numbers assigned by the author of the document.

(Cv. Doc. #21).   The government filed a Response to the Motion Under 2255 (Cv. Doc. #11) and a Response (Cv. Doc. #19) to First Amendment Petition, and Petitioner filed a Response (Cv. Doc. #14, pp. 8-12) and a Reply (Cv. Doc. 20). For the reasons set forth below, the motion to amend (Cv. Doc. #21) is granted, and the § 2255 petition and other motions are denied.

**I.**

On September 4, 2013, a federal grand jury in Fort Myers, Florida returned a two-count Indictment against Ulysses Richman. (Cr. Doc. #1.)   Count One charged Richman with possession of a firearm[1] by a convicted felon, while Count Two charged him with possession with intent to distribute cocaine.   On July 1, 2014, Richman pled guilty to each count, without the benefit of a plea agreement.   (Cr. Docs. ## 50-53.)

According to the Presentence Report (PSR), Richman qualified as both a career offender under the U.S. Sentencing Guidelines and as an armed career criminal under the Armed Career Criminal Act (ACCA).   (Cr. Doc. # 57, ¶¶ 27, 38.)   The applicable Sentencing Guidelines range was calculated as 188 to 235 months imprisonment. (Id. at ¶ 72.)   On October 27, 2014, the Court sentenced Richman to 180 months imprisonment as to each count, to be served

---

[1] More specifically, the firearm was a Jennings model J-22, .22 caliber pistol.   (Cr. Doc. #1, p. 2.)   The statement in the government's Response that Richman was charged with possession of ammunition (Cv. Doc. #11, p. 1) is incorrect.

concurrently, followed by a term of supervised release.  (Cr. Doc. #66.)  The Judgment (Cr. Doc. #69) was filed on October 29, 2014.

On September 25, 2015, Richman's convictions and sentences were affirmed on direct appeal, but the case was remanded to the district court to correct a clerical error in the judgment.  United States v. Richman, 616 F. App'x 413 (11th Cir. 2015).  The corrected Judgment Upon Remand (Cr. Doc. #102) was filed on February 2, 2016.[2]

Petitioner's § 2255 motion (Cv. Doc. #1) and Memorandum (Cv. Doc. #2) were signed, and deemed filed, on October 7, 2019.  The 2255 Petition and Memorandum assert that: (1) Petitioner's attorney provided ineffective assistance of counsel, (2) Petitioner is "statutorily innocent" of the § 922(g) offense considering Rehaif v. United States, 139 S. Ct. 2191 (2019); and (3) Petitioner's prior convictions no longer qualify as predicate convictions for either the Sentencing Guidelines career criminal enhancement or the ACCA enhancement.[3]  (Doc. #1, pp. 4-7; Doc. #2,

---

[2] Richman's more recent motions for compassionate release and a sentence reduction under the First Step Act of 2018 were denied.  See Docs. #140, #152, #155.

[3] Petitioner asserts that his § 2255 motion is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in Rehaif.  (Cv. Doc. #2, p. 3.)  The United States concedes that petitioner's Rehaif claim (but not the other claims) is timely filed and cognizable in a § 2255 proceeding.  (Cv. Doc. #11, pp. 5-6, 8-9).  The United States also states that it "has been instructed to not contest retroactivity," but then cites two published Eleventh Circuit cases (and other cases)

p. 1.)  Petitioner asks the Court to vacate his possession of a firearm by a convicted felon conviction and sentence in Count One, and then to re-sentence him on the possession with intent to distribute cocaine conviction in Count Two, without the career criminal or ACCA enhancements.  (Cv. Doc. #2, p. 1.)  Petitioner raises other issues in his other motions, which will also be discussed below.  Given Petitioner's *pro se* status, the Court construes his Petition and motions liberally.

## II.

With one exception[4], all of Petitioner's issues relate to his conviction for what is commonly referred to as a felon-in-possession offense.  Title 18 U.S.C. § 922(g)(1) provides in pertinent part that it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce,

---

holding that Rehaif is not retroactive in the context of a second or successive petition.  In re Wright, 942 F.3d 1063 (11th Cir. 2019); In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019).  (Cv. Doc. #11, pp. 6-7.)  Thus, the government has waived any argument concerning the lack of retroactivity of Rehaif.  The Court finds petitioner's § 2255 motion is timely under § 2255(f)(3) as to the Rehaif-related issues, which are cognizable in this § 2255 proceeding.  Also, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."  Massaro v. United States, 538 U.S. 500, 509 (2003).

[4] Petitioner has a single sentence which states that "Count One and Count two (which includes Section 924) must be vacated."  (Cv. Doc. #2, p. 11.)  Count Two of the Indictment does not include a reference to § 924 and is not impacted in any way by Rehaif.  Petitioner's argument to the contrary is without merit.

any firearm or ammunition". 18 U.S.C. § 924(e)(1).  The statutory penalty for this offense is up to ten years imprisonment.  18 U.S.C. § 924(a)(2).  Under the Armed Career Criminal Act (ACCA), if the person also has three previous convictions by any court "for a violent felony or a serious drug offense, or both," the person is subject to an enhanced sentence of not less than fifteen years imprisonment.  18 U.S.C. § 924(e)(1).

At the time of Richman's offense and the proceedings in the district court, it was well-settled that a conviction under § 922(g) required the government to allege and ultimately prove that: (1) the defendant knowingly possessed a firearm or ammunition; (2) the defendant was prohibited by one of the grounds in § 922(g) from possessing a firearm or ammunition; and (3) the firearm or ammunition affected interstate commerce. United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008).  There was no requirement that the government prove defendant knew of his status as a convicted felon. United States v. Jackson, 120 F.3d 1226, 1229 (11th Cir. 1997); United States v. Rehaif, 888 F.3d 1138, 1147 (11th Cir. 2018); United States v. Roosevelt Coats, 8 F.4th 1228, 1234 (11th Cir. 2021).

This was changed by the Supreme Court in Rehaif v. United States, 139 S. Ct. 2191 (2019).  In Rehaif, the Supreme Court reversed a defendant's conviction under § 922(g)(5)(A), which prohibits possession of a firearm by an unlawful alien, because

the district court had instructed the jury it did not need to find
that defendant knew he was in the country unlawfully.  Rehaif, 139
S. Ct. at 2195.  The Supreme Court held that "in a prosecution
under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove
both that the defendant knew he possessed a firearm and that he
knew he belonged to the relevant category of persons barred from
possessing a firearm." Id. at 2200.  "In felon-in-possession cases
after Rehaif, the Government must prove not only that the defendant
knew he possessed a firearm, but also that *he knew he was a felon*
when he possessed the firearm."  Greer v. United States, 141 S.
Ct. 2090, 2095 (2021) (citing Rehaif at 2199-2200) (emphasis in
original).  As the Eleventh Circuit has summarized: "when a
defendant is charged with being a felon in possession of a firearm
under § 922(g)(1), the knowledge-of-status element requires proof
that at the time he possessed the firearm he was aware he had a
prior conviction for 'a crime punishable by imprisonment for a
term exceeding one year.' See [Rehaif at 2200] (quoting 18 U.S.C.
§ 922(g)(1))." Roosevelt Coats, 8 F.4th at 1234-35.

The plain error standard of Fed. R. Crim. P. Rule 52(b)
applies to unpreserved Rehaif issues.  Greer, 141 S. Ct. at 2096.
To satisfy this standard, a litigant must satisfy three threshold
requirements: (1) there must be error; (2) the error must be plain;
and (3) the error must affect substantial rights.  Id.  If all
three requirements are satisfied, the court may grant relief if

the error had a serious effect on the fairness, integrity, or public reputation of judicial proceedings.  Id. at 2096-2097.  The party asserting plain error has the burden of establishing each of these four requirements.  Id. at 2097.

### III.

Most of the claims raised by Richman relate to the impact of Rehaif on the validity of his conviction of Count One.  None of these claims were raised in the district court, and therefore the plain error standard applies.  While Richman establishes that there were Rehaif errors which are deemed plain as to the Indictment and the acceptance of the guilty plea, he does not establish the other two requirements of the plain error standard.

### A. Plain Errors Under Rehaif

Petitioner asserts that the Indictment filed against him does not allege that he knew of his convicted-felon status, as now required by Rehaif, which constitutes plain error.  Richman also argues that it was plain error to accept his guilty plea because he was not informed of the full *mens rea* element as clarified by Rehaif, thus rendering his guilty plea both unknowing and involuntary.  Petitioner is correct that neither the Indictment

nor the acceptance of the guilty plea complied with the requirements of <u>Rehaif</u> and constitute plain error.

**(1)  Indictment**

Count One of the Indictment (Cr. Doc. #1) charged that on or about April 25, 2013, Ulysses Richman was "a person convicted of a crime punishable by imprisonment for a term exceeding one year," and specifically identified three such convictions.[5]  Count One further alleged that on that date Richman "did knowingly possess, in and affecting interstate commerce, a firearm, namely, a Jennings model J-22, .22 caliber pistol," "[i]n violation of Title 18 U.S.C. Sections 922(g)(1) and 924(e)." (<u>Id.</u>)  Count One did not allege, however, that Richman knew he was "person convicted of a crime punishable by imprisonment for a term exceeding one year," i.e., that he knew he was a convicted felon.  It is a reasonable inference, as Richman argues (Cv. Doc. # 21), that the grand jury received no evidence or instructions as to this component of the *mens rea* requirement.  There is no dispute that Count One failed to comply with the requirements of <u>Rehaif</u>.

Read liberally, Petitioner appears to argue that because of the defective Indictment (and the invalid guilty plea) the district court lacked subject matter jurisdiction over his case, which he may challenge at any time. (Cv. Doc. #13, pp. 3-4, 5.)  The

---

[5] The three felonies were sale of cocaine in 2004; sale of cocaine in July of 2008; and sale cocaine in August of 2008. (Cr. Doc. #1.)

Eleventh Circuit has repeatedly found that similar indictments sufficiently alleged a federal criminal offense, and that the omission does not deprive the district court of subject matter jurisdiction.  See United States v. Moore, 954 F.3d 1322, 1332-37 (11th Cir. 2020) (a defect in the indictment does not deprive the district court of jurisdiction).  See also United States v. Bates, 960 F.3d 1278, 1295 (11th Cir. 2020); United States v. McLellan, 958 F.3d 1110, 1118 (11th Cir. 2020); United States v. Innocent, 977 F.3d 1077, 1084 (11th Cir. 2020); United States v. Johnson, 981 F.3d 1171, 1180 n.3 (11th Cir. 2020), cert. denied, 142 S. Ct. 567 (2021); United States v. Leonard, 4 F.4th 1134, 1142-43 (11th Cir. 2021); United States v. Dudley, 5 F.4th 1249, 1267 (11th Cir. 2021).   Accordingly, petitioner's jurisdictional argument is without merit.

Petitioner primarily argues that his § 922(g) Indictment was defective.  It is now well-established that this type of omission from a § 922(g) indictment is both error and plain.  See Moore, 954 F. 3d at 1337; Innocent, 977 F.3d at 1082; Johnson, 981 F.3d at 1179; Leonard, 4 F.4th at 1143; Dudley, 5 F.4th at 1267. Petitioner has therefore satisfied the first and second prong of the plain error standard as to Count One of the Indictment.[6]

---

[6] Petitioner also argues that his conviction is unlawful because the § 922(g) statute "lacks a 'knowing' element" as required by Rehaif (Cv. Doc. #2, pp. 1-2), and that "the Supreme Court has voided a material element within the statute of petitioner's conviction. . . ."  (Cv. id. at 3).  Nothing in Rehaif raises

**(2) Acceptance of Guilty Plea**

Richman also argues that it was plain error to accept his guilty plea when he was not informed of the knowledge-of-status element added by Rehaif, thus rendering his guilty plea both unknowing and involuntary. Petitioner is correct.

Richman entered an unconditional guilty plea to both counts without the benefit of a plea agreement. (Cr. Doc. #50, p. 1.) The government argues that the guilty plea waives Petitioner's Rehaif argument because such a guilty plea waives all non-jurisdictional defects. (Cv. Doc. #11, pp. 13-15.) The Eleventh Circuit has rejected that argument. A guilty plea does not waive all challenges to the plea itself and a petitioner can still attack "the voluntary and knowing nature of the plea." Bates, 960 F.3d at 1295-96 (quoting Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992)). Bates held that Rehaif was one of those issues which could be raised to challenge a guilty plea. See also Roosevelt Coats, 8 F.4th at 1234-40 (allowing Rehaif challenge to unconditional guilty plea).

When Richman pled guilty to this offense, the Notice of the elements did not include the Rehaif knowledge-of-status element.

---

questions about the statute itself or voided any element, and the statute as clarified by Rehaif, has two *mens rea* components. "In Rehaif, the Supreme Court concluded that the word "knowingly" in 18 U.S.C. § 924(a) 'applies both to the defendant's conduct and to the defendant's status.' 139 S. Ct. at 2194, 2195-96." Dudley, 5 F.4th at 1267. Petitioner's arguments to the contrary are without merit.

(Cr. Doc. #50, p. 2.)   The magistrate judge who took the guilty plea did not inform Richman of this knowledge-of-status element. (Cr. Doc. #90, pp. 14-16.)   Therefore, the district court should not have accepted the guilty plea.   Roosevelt Coats, 8 F.4th at 1235; Johnson, 981 F.3d at 1179.   Richman has satisfied the first two prongs of the plain error standard as to the acceptance of the guilty plea.

### B. Affecting Substantial Rights

As an initial matter, it is undisputed that Petitioner was in fact a convicted felon at the time of the offense charged in Count One.   Petitioner so informed the magistrate judge at the guilty plea proceeding (Doc. #90, p. 16), and had no objection to the PSR's rendition of his criminal history at the sentencing hearing. (Cr. Docs. #57, ¶¶ 31-36; #87, p. 14.)

Contrary to petitioner's argument (Cv. Doc. #21, p. 2), a Rehaif error is not structural error.   While there was plain error in both the Indictment and the acceptance of the guilty plea, "the error must have affected the defendant's substantial rights, which in the ordinary case means he or she must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different."   Molina-Martinez v. United States, 578 U.S. 189, 194 (2016) (citation omitted).   See also Innocent, 977 F.3d at 1082; Johnson, 981 F.3d at 1181. In other words, petitioner must demonstrate prejudice.   Roosevelt Coats, 8 F.4th at 1236-37.

- 11 -

See also Leonard, 4 F.4th at 1142-1145.  Petitioner must show that had the Indictment correctly contained the knowledge-of-status allegation or "if the District Court had correctly advised him of the *mens rea* element of the offense, there is a reasonable probability that he would not have pled guilty." Greer, 141 S. Ct. at 2097; Roosevelt Coats, 8 F.4th at 1237-38.  A reasonable probability is a "probability sufficient to undermine confidence in the outcome." United States v. Margarita Garcia, 906 F.3d 1255, 1267 (11th Cir. 2018) (internal quotation marks omitted).  To determine whether substantial rights have been affected, the Court reviews the entire record. United States v. Reed, 941 F.3d 1018, 1021 (11th Cir. 2019); Moore, 954 F.3d at 1337.

Petitioner asserts that the Rehaif error "affects petitioner substantially his rights because he was convicted after a deficient indictment." (Cv. Doc. #2, p. 11.)  This sequence alone is clearly insufficient.  Petitioner must make a sufficient argument or representation that he would have presented evidence at trial that he did not in fact know he was a felon. Greer at 2097-98, 2100; Roosevelt Coats, 8 F.4th at 1238.  Petitioner does claim that he lacked the required knowledge, and therefore asserts that the failure of the Indictment or the plea process to impart such knowledge adversely affected his substantial rights.

Not all the knowledge which Petitioner claims he lacked is required by law, either before or after Rehaif.  Petitioner

asserts that he did not know his possession of a firearm
constituted a federal offense.   More specifically, Petitioner
asserts that he is "statutorially [sic] innocent of § 922(g)"
because "he was not cognizant of the fact that his previous
incarcerations – where he mostly spent less than one year
incarcerated and/or was only sentenced to probation – manifested
a federal offense because he possessed a firearm." (Cv. Doc. #2,
p. 1.)  See also id. at 3 ("petitioner's cognition was lacking of
the fact that his previous incarcerations manifested conduct that
violated a federal offense . . ."); id. at 10 (petitioner
statutorily innocent because he did not spend more than one year
incarcerated on past convictions and did not "know" he was not
lawfully able to possess a firearm).   Petitioner takes it a step
further, asserting that he lawfully possessed the firearm since he
"was actually able to possess a firearm because he has not spent
more than one year incarcerated in prison."  (Id., p. 10.)

    But neither Rehaif nor any other binding authority requires
this type of knowledge.   The language of § 922(g) requires that
at the time of the offense a defendant must know he "has been
convicted in any court of, a crime punishable by imprisonment for
a term exceeding one year."   18 U.S.C. § 922. "[T]he knowledge-
of-status element requires proof that at the time he possessed the
firearm he was aware he had a prior conviction for 'a crime
punishable by imprisonment for a term exceeding one year.'"

Roosevelt Coats, 8 F.4th at 1235 (quoting 18 U.S.C. § 922(g)(1)). Nothing in the statute requires that a § 922(g) defendant know he has committed a federal offense.  Leonard, 4 F.4th 1145 n.5 ("In a prosecution under § 922(g), the government must prove that a defendant knew of his *status* as a person barred from possessing a firearm, but it does not need to prove that the defendant knew he could not possess a gun." (citation omitted) (emphasis in original)); United States v. Lawson, 861 F. App'x 337, 340 (11th Cir. 2021) ("The relevant status element for a felon-in-possession-of-a-firearm charge requires proof that the defendant knew he was a person convicted of 'a crime punishable by imprisonment for a term exceeding one year.'" (citations omitted)); United States v. Benton, 988 F.3d 1231, 1235-36 (10th Cir. 2021) (rejecting an argument that "Rehaif imposed an additional burden on the government . . . to prove [a defendant] knew he was prohibited from possessing a firearm as a result of his status").  Id. at 1238 (A defendant's 'knowledge of his status' "is what helps ensure . . . that the defendant has the 'intent needed to make his behavior wrongful." (citations omitted)).

Petitioner also argues, however, that he did not know that he was a convicted felon, and the government could not prove otherwise.  Petitioner asserts that "no trier-of-fact could reasonably find petitioner in violation of said statute. . . ." (Cv. Doc. #2, p. 3.)  Petitioner further states that no jury would

find him guilty because petitioner did not know that he was part of a category of people who could not possess a firearm. Petitioner argues that he never served over one year incarceration on his prior convictions that the government used as predicate offenses for the sentence enhancements, and that he was not a prohibited person because he had not ever served one year and one day incarceration and is therefore innocent. (Cv. Doc. #2, p. 7.) Petitioner argues that the presence of the *mens rea* requirement in the Indictment and plea colloquy would have caused the government to realize it could not prove he had knowledge that he was not authorized to carry a firearm. (Cv. Doc. #2, p. 10.)

As stated in Rehaif, the government's obligation to prove knowledge-of-status is not "burdensome," as "knowledge can be inferred from circumstantial evidence." Rehaif, 139 S. Ct. at 2198 (quoting Staples v. United States, 511 U.S. 600, 615 n.11 (1994)). "In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon." Greer at 2097. See also Roosevelt Coats, 8 F.4th at 1238.

The Indictment (Cr. Doc. #1) identified three drug-sale convictions as predicate offenses for § 922(g) and for the sentence

enhancements under § 924(e). The Notice of Elements (Cr. Doc. #50) identified seven felony convictions, the three drug sale convictions identified in the Indictment and four possession of cocaine convictions. (Cr. Doc. #50, p. 2.) The PSR confirmed that Petitioner had been convicted of the seven felony offenses (the three drug sale convictions, plus the four possession of cocaine convictions), which all qualified as predicate convictions under § 922(g). (Cr. Doc. # 57, pp. 5-6, ¶14.) The Presentence Report also confirmed that the three drug sale convictions qualified Richman as a career offender and an armed career offender. (Id. at p. 7, ¶¶ 26, 27.) On four of the convictions, Richman was sentenced to a term of imprisonment in excess of one year. (Id. at pp. 11-12, ¶¶ 34, 35.) Petitioner had no objections to the Presentence Report. (Cr. Doc. #87, p. 14.) Attached to the government's response are the documents from the underlying predicate offenses. (Cv. Doc. #11-1.) A prior felony conviction constitutes "substantial evidence" that a defendant knew he was a felon. Roosevelt Coats, 8 F.4th at 1238.

Petitioner's argument that he did not know of his status as a convicted felon because he never served more than a year imprisonment is unavailing. "The ACCA does not impose a temporal requirement on predicate offenses or require that the predicate offenses result in at least twelve months' imprisonment." United States v. Lewis, 833 F. App'x 261, 265 (11th Cir. 2020).

The government could have readily proven beyond a reasonable doubt that Petitioner had the relevant knowledge of his status as a convicted felon.   Had the issue been contested at trial, Petitioner's seven felony convictions would have provided the government powerful evidence that he knew he was a felon. Innocent, 977 F.3d at 1083. Given Petitioner's criminal history, no reasonable juror could have found otherwise.   See e.g., Reed, 941 F.3d at 1021-22; Innocent, 977 F.3d at 1083; Moore, 954 F.3d at 1337-38; Roosevelt Coats, 8 F.4th at 1239.

There is no contemporaneous evidence to suggest that, had the Indictment and guilty plea colloquy included the knowledge-of-status element, Petitioner would have changed his plea and proceeded to trial.[7]   E.g., United States v. McLellan, 958 F.3d 1110, 1120 (11th Cir. 2020).   The probability is virtually zero that it would have changed Richman's decision to plead guilty. E.g., Bates, 960 F.3d at 1296.

The Court finds that neither the Indictment error nor the acceptance of the guilty plea error, either individually or cumulatively, satisfy the third prong of the plain error standard.

---

[7] Petitioner argues that he would not have signed the plea if not for the Rehaif error (Cv. Doc. #14, p. 2) and references an "[a]ppeal waiver signed by petitioner within his plea." (Cv. Doc. #2, p. 4.)   The record reflects no such document as there was no plea agreement.

### C. Serious Effect on Judicial Proceedings

Even if Richman could establish the third plain error prong, he has not established that the plain errors had a serious effect on the fairness, integrity, or public reputation of his judicial proceedings. Petitioner is in fact a seven-time convicted felon who served time in prison on multiple occasions. The evidence is overwhelming that Richman knew of his convicted felon status, and that the government could easily prove it if it had been called upon to do so.

### D. Ineffective Assistance of Counsel

Petitioner argues that counsel was ineffective for failing to argue that the predicate offenses that enhanced his sentence were not qualifying felonies because (1) he was not incarcerated for a term exceeding a year, and (2) he did not know he was not lawfully in possession of a firearm and/or ammunition, as required by Rehaif; and (3) he was not "debriefed" about the ACCA's mandatory minimum. Petitioner argues that his due process rights were violated when substitution of counsel at sentencing was not granted.

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and

(2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different.  Hinton v. Alabama, 571 U.S. 263, 272 (2014) (citing Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (quoting Strickland v. Washington, 466 U.S. 668, 687, 694 (1984))).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances.  Hinton, 571 U.S. at 273 (citation omitted). A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . ." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland at 690).  This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689-90.  To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action.  Rose v. McNeal, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010).  Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).  "Reasonably effective representation cannot and does not include a requirement

to make arguments based on predictions of how the law may develop."
Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994)
(citations omitted).

To establish prejudice under Strickland, petitioner must show
more than that the error had "some conceivable effect on the
outcome of the proceeding." Marquard v. Sec'y for the Dep't of
Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (citation omitted).
Rather, the petitioner must show that there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different. Hinton, 134
S. Ct. at 1087-88. "A reasonable probability is a probability
sufficient to undermine confidence in the outcome." Hinton, 134
S. Ct. at 1089 (quoting Strickland, 466 U.S. at 694) (internal
quotation marks and citations omitted).

The length of the sentence or time served has no bearing on
whether the predicate offenses can be considered as long as they
constitute a "serious drug offense". United States v. Lewis, 833
F. App'x 261, 265 (11th Cir. 2020). Therefore, the first issue
is without merit and counsel's performance did not fall below an
objective standard of reasonableness for failing to argue
otherwise. As the second issue of knowledge, counsel is not
required to predict changes in the law and the mens rea element
was not required at the time, pre-Rehaif. United States v. Finley,
805 F. App'x 823, 827 (11th Cir. 2020) ("This Court's precedent

clearly forecloses an ineffective-assistance-of-counsel claim based on failure to raise an objection that would not succeed under current law, but which could succeed depending on a forthcoming Supreme Court decision."). Counsel is not deficient for failing to raise the issue.

As to the last issue, Petitioner argues that he was not "debriefed" about the ACCA's mandatory minimum. At the plea hearing, the Magistrate Judge informed Petitioner that Count I carried a mandatory minimum term of imprisonment of 15 years (or 180 months) up to life. (Cr. Doc. #90, p. 7.) At sentencing, the Court granted a variance and imposed the statutory minimum sentence:

> Mr. Richman, The Court is required to impose a sentence that is sufficient, but not greater than necessary, after considering all the factors in Title 18, United States Code, Section 53. In this case, that is curtailed to some degree, because the Court has a statutory mandatory minimum that applies, so the Court cannot go below 180 months as to the count in this case dealing with the firearm.

(Cr. Doc. #87, p. 22.) This issue also has no merit because the record reflects that Petitioner was informed of the statutory mandatory minimum, and there is therefore no reasonable probability that the outcome (sentence) would have been different. In fact, counsel argued for a sentence below the applicable guideline range and prevailed.

The Court concludes that none of Richman's arguments show either that counsel's performance was deficient or that Richman suffered prejudice as a result of that performance.   Therefore, the ineffective assistance of counsel issue is without merit.

**IV.**

Petitioner also raises various other issues not related to Rehaif, or the other issues raised in the habeas petition.

**A. First Step Act**

Petitioner seeks a sentence reduction under the First Step Act of 2018, asserting that his prior drug convictions do not qualify as a "serious drug offense," as currently required by Section 401 of the First Step Act.   (Cv. Doc. #2, pp. 12-13.)   The First Step Act did make changes:

> First Step Act § 401 amended 21 U.S.C. §
> 841(b)(1)(A) by changing the mandatory
> penalties   it   imposed   for   repeat
> offenders, as well as altering the types
> of offenses that trigger those penalties.
> Specifically,   while   §   841(b)(1)(A)
> previously stated that a prior conviction
> for a "felony drug offense" would trigger
> mandatory penalties, First Step Act §
> 401(a)   changed   the   prior-conviction
> requirement to a "serious drug felony or
> serious violent felony." First Step Act
> §   401(a)   also   changed   the   mandatory
> minimum sentence for defendants who have
> had two or more such prior convictions,
> from life imprisonment to 25 years.

United States v. Pubien, 805 F. App'x 727, 730 (11th Cir. 2020). Section 401 does not provide a basis for relief because this portion of the First Step Act is not retroactive.   Pubien, 805 F.

- 22 -

App'x at 730 ("The First Step Act did not make § 401's amendments retroactively applicable to defendants sentenced prior to its enactment."); <u>United States v. Taylor</u>, 21-11689, 2021 WL 5321846, at *2 (11th Cir. Nov. 16, 2021) ("However, this portion of the First Step Act is not retroactively applicable to offenders like Taylor who were sentenced prior to the enactment of the First Step Act. <u>See</u> First Step Act § 401(c), 132 Stat. at 5221."); <u>United States v. Brown</u>, 20-14668, 2021 WL 4787135, at *2 (11th Cir. Oct. 14, 2021) ("In a separate section, the First Step Act also made changes to § 841(b)'s enhanced recidivist penalties, <u>see id.</u>, § 401(a), but Congress specified that these amendments applied to only defendants who had not been sentenced by the enactment date of the First Step Act, December 21, 2018, <u>id.</u>, § 401(c).")

Defendant was sentenced on October 27, 2014. Since petitioner was sentenced before December 21, 2018, the portion of the First Step Act addressing convictions, which may be used pursuant to 21 U.S.C. § 851, does not apply retroactively to him. <u>See</u> <u>United States v. Mathews</u>, 837 F. App'x 701, 704 (11th Cir. 2020) (Section 401 of the First Step Act "by its plain language, does not apply to sentences that were imposed before December 21, 2018.")

### B. Compassionate Release

Also embedded in the papers is petitioner's request for a reduction based on extraordinary and compelling reasons was

denied.  (Cv. Doc. #2, p. 14.)  The Court has denied such relief in prior orders in the criminal case, and a § 2255 proceeding is not a proper forum for consideration of such a motion.  In any event, the Court has already considered the request and continues to find no basis to grant the requested relief.

### C. Lack of Commerce Jurisdiction

In the First Amendment Petition (Cv. Doc. #18), petitioner argues that possession of a firearm "in or affecting commerce" under Section 922(g)(1) explicitly avoids the use of the phrase "interstate or foreign," thus regulating only intrastate commerce at a private residence.  This makes the statute unconstitutional, petitioner asserts.  The Court disagrees, even assuming the argument is timely and not procedurally defaulted.

It has long been recognized that "[w]hen viewed in the aggregate, a law prohibiting the possession of a gun by a felon stems the flow of guns in interstate commerce to criminals." United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996).

> We believe that the acquisition of firearms by convicted felons and persons under indictment for felonies, although arguably intrastate activity, imposes a sufficient burden upon interstate commerce to be a proper subject for federal regulation. See U.S. Code Cong. and Admin. News 1968, pp. 2163-2166. If Congress is to effectively prevent the interstate use of guns for illegal purposes it must control their sources: manufacturers, dealers, and importers. That is what it sought to do in § 922.

United States v. Nelson, 458 F.2d 556, 559 (5th Cir. 1972)[8].  Like Petitioner, McAllister also cited to the Supreme Court decision in United States v. Lopez 514 U.S. 549 (1995) to argue that Congress exceeded its Commerce Clause power.

> In Lopez, the Supreme Court struck down the Gun-Free School Zones Act, 18 U.S.C. § 922(q), which prohibited a person from possessing a gun while in a "school zone." The Court relied on the fact that the statute "by its terms has nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms." 514 U.S. at ----, 115 S. Ct. at 1631. In contrast, § 922(g) makes it unlawful for a felon to "possess *in or affecting commerce,* any firearm or ammunition." 18 U.S.C. § 922(g) (emphasis added). This jurisdictional element defeats McAllister's facial challenge to the constitutionality of § 922(g)(1).

McAllister, 77 F.3d at 389-90.  See also United States v. Scott, 263 F.3d 1270, 1274 (11th Cir. 2001) (finding that neither Jones v. United States, 529 U.S. 848 (2000) nor United States v. Morrison, 529 U.S. 598 (2000) alter the decision in McAllister, also cited by petitioner herein); United States v. Johnson, 981 F.3d 1171, 1191-92 (11th Cir. 2020).

Here, the statute is not limited to intrastate commerce, and the government established interstate commerce at Petitioner's guilty plea.

---

[8] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> THE COURT: This firearm, Mr. Michelland, it was manufactured outside the State of Florida?
>
> MR. MICHELLAND: Yes, Your Honor. The service of the manufacturer of the firearm yielded and resulted in being through ATF determination that it was made in Irvine, California.
>
> THE COURT: And you understand that one of the elements really is also that it was in or affecting interstate commerce, that that's satisfied by the fact that the weapon was actually manufactured somewhere else and crossed the state line?
>
> THE DEFENDANT: Yes.

(Cr. Doc. #90, pp. 16-17.)   The amended petition is denied as without merit.

### D. Rule 52(b) Motion

Petitioner's Rule 52(b) Motion (Cv. Doc. #15) is also without merit.  Defendant has previously filed a motion in the criminal case to dismiss pursuant to Fed. R. Crim. P. 52(b), which the Court denied, stating in part:

> Therefore, the underlying predicate offenses need only carry a potential term exceeding one year; it is not required that defendant receive an actual sentence in excess of one year. Under the Sentencing Guidelines, a "prior felony conviction means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1 (2013) (emphasis added). See also United States v. Bercian-Flores, 786 F.3d 309, 316 (4th Cir. 2015); United States v. Carr, 513 F.3d 1164, 1166 (9th Cir. 2008);

United States v. Haley, 129 F.3d 612 (5th Cir.
1997).

(Cr. Doc. #106, p. 4.)  Petitioner is not entitled to relief under
this motion.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to
   Vacate, Set Aside or Correct Sentence by a Person in
   Federal Custody (Cv. Doc. #1; Cr. Doc. #110), including
   the request for relief under the First Step Act and for
   compassionate release, is **DENIED** for the reasons set forth
   above.

2. Petitioner's [Motion for] Summary Judgement Rule 56(a)
   (Cv. Doc. #13) is **DENIED** because petitioner is not
   entitled to judgment as a matter of law.

3. Petitioner's [Motion for] Summary Judgement Rule 56(a)
   (Cv. Doc. #14) is **DENIED** because petitioner is not
   entitled to judgment as a matter of law.

4. Petitioner's Motion Rule 52(b) (Cv. Doc. #15) is **DENIED**
   because petitioner is not entitled to judgment as a matter
   of law.

5. Petitioner's First Amendment Petition (Cv. Doc. #18) is
   **DENIED** because as a matter of law the case against
   petitioner is a federal criminal offense under 18 U.S.C.
   § 922(g).

6. Petitioner's Motion to Amend Jurisdictional Claim to 2255(a)(1)-(a)(2) Petition (Cv. Doc. #21) is **GRANTED** to the extent that the Court has considered the supplemental arguments set forth in the motion in the resolution of the § 2255 Petition.

The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this   24th   day of January 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA