UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                          CASE NO: 2:13-cr-127-JES-NPM

ULYSSES RICHMAN

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for a Reduction in Sentence and or Compassionate Release Pursuant to Statute § 3582(c)(1)(A)(i); and the New Amendments to the United States Sentencing Guidelines Regarding Extraordinary and Compelling Reasons (Doc. #182) filed on March 17, 2026. The government filed a Response in Opposition (Doc. #186) on April 30, 2026. The government states that defendant has exhausted his administrative remedies with the Bureau of Prisons and that the merits of the motion may be considered.

The Court previously denied defendant's requests for compassionate release and/or an extraordinary and compelling circumstances for a reduction in sentence as well as relief under the First Step Act as follows: July 31, 2020 (citing concerns regarding safety of the community); November 24, 2020 (denying reconsideration noting that rehabilitation alone is not an extraordinary and compelling reason for a reduction); January 19, 2021 (finding the presence of COVID-19 alone was insufficient to

reduce a sentence and that defendant remained a danger to the community); July 19, 2021 (First Step Act, Section 401 and 403), on January 18, 2022 (reconsideration), and on August 26, 2022 (finding no new arguments).  (Docs. #117, #122, #140, #152, #155, #159.)   The Federal Public Defender was appointed to review whether a motion for sentence reduction under Amendment 821 should be filed.  (Doc. #172.)  On March 21, 2025, counsel notified the Court that a motion would not be filed as defendant was ineligible for a sentence reduction because he was assessed one or more criminal history points and not assessed status points.  (Doc. #178.)

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."  United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010).  As applicable here, Congress has provided that a district court may not modify a term of imprisonment on a motion by defendant unless the defendant exhausts administrative remedies, the Court finds "extraordinary and compelling reasons warrant such a reduction," and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A). A Court may reduce a sentence after considering factors set forth in 18 U.S.C. § 3553(a)[1] and if the Court determines that at least

---

[1] Factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," the need

one of six reasons apply under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.13(b).  Defendant must also not be a "danger to the safety of any other person or the community" and the reduction must be "consistent with this policy statement."  U.S.S.G. § 1B1.13(a)(1)(B)(2), (3).

There are six enumerated "extraordinary and compelling reasons" that exist, including the medical circumstances of defendant, the age of defendant, family circumstances, defendant was a victim of abuse while in custody serving his term of imprisonment, an unusually long sentence, and other similar or combined reasons.  U.S.S.G. § 1B1.13(b).  The Court addresses each of the reasons raised by defendant.

### 1. Medical Circumstances

Defendant argues that he is a paraplegic confined in a wheelchair, he has an ongoing medical condition known as Klebsiella Pneumonia, urinary tract infections, recurring bladder infections, obesity, cellulitis in his legs.  Defendant states that he has difficulty getting clean catheters, he has to be on antibiotics for life, he suffers pain with urination, and he has suffered neglect at Talledega and at FCI Williamsburg.  Defendant states that after he arrived at Butner II, his past medical history was

---

for the sentence imposed, the kinds of sentences available and the established sentencing range, any "pertinent policy statement", the need to avoid sentence disparities, and the need for restitution.  18 U.S.C. § 3553(a).

all re-diagnosed delaying treatment.  Defendant states that he also has cognitive impairment because his medication "Ellaville" for nerve pain creates an effect of being high in prison.  While defendant states that he has been offered enrollment in a medical assisted treatment program to receive opioids, he does not want to be high.  Defendant argues that he is experiencing a deteriorating condition due to him being a paraplegic and having difficult conditions while incarcerated.

To find an extraordinary and compelling reason for a reduction in sentence based on a medical condition, the Court must find that:

> The defendant is--
>
> **(i)** suffering from a serious physical or medical condition,
>
> **(ii)** suffering from a serious functional or cognitive impairment, or
>
> **(iii)** experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> **(D)** The defendant presents the following circumstances--
>
> **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the

- 4 -

appropriate federal, state, or local authority;

**(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

**(iii)** such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).  There has never been a question that defendant suffers from serious medical conditions, likely as a result of his confinement to a wheelchair.  However, defendant has been a paraplegic since he was 16 years old and has never indicated that he cannot exercise self-care, and defendant has not demonstrated an imminent risk of an infectious disease or death.

Defendant's argument that he would receive superior medical access because "correctional care" "is Not the Mayo Clinic" is not a basis to reduce defendant's sentence.  Many of the complaints stem from treatment from a specific doctor at Butner II.  (Doc. #182, pp. 13-15.)  The Court notes that defendant is no longer located at this facility and therefore the specific complaint regarding specific doctors is moot.  The Court further notes that the inability to get new and clean catheters is exaggerated as the government indicates that defendant has been discovered hoarding them in 2016, 2017, and in 2019, but sought more with no records of denial.  (Doc. #186, pp. 8-9.)

## 2. Victim of Abuse

Defendant states that on March 23, 2022, while at F.C.I. Williamsburg, South Carolina, defendant was returning from the recreational yard when he was stopped, had his coat taken, and was taken to his cell and ordered to strip naked.  Officer Segarra became aggressive and started to force his pants off when he came into contact with defendant's penis while trying to get his pants off.  Defendant loudly protested and Officer Segarra backed away after this "groping."  After the incident, defendant was taken to another area for further search, and he lodged a complaint.  (Doc. #182, pp. 18-19.)  Defendant states that he was retaliated against by transferring him to another institution.

Another basis for a reduction can be when:

> The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
>
> (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
>
> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in

- 6 -

imminent danger.

U.S.S.G. 1B1.13(b)(4).  As noted by the government, unless there is imminent danger, "the misconduct must be established by a conviction, a finding or admission of liability in a civil case or administrative proceeding," which is not the case here.

### 3. Unusually Long Sentence

Defendant argues that he has served more than 10 years of his 15-year sentence, he would likely not be an armed career criminal if sentenced today.  Defendant was sentenced as a career offender because he had at least two prior felony convictions for a crime of violence or a controlled substance offense and as an armed career criminal because the offense of conviction is a violation of 18 U.S.C. § 922(g) and he had at least three prior convictions for a violent felony and/or serious drug offense committed on different occasions, namely: (1) the sale or delivery of cocaine in October 2004; (2) the sale or delivery of cocaine in July 2008; and (3) the sale or delivery of cocaine on August 7, 2008.  (Doc. #171, PSR ¶¶ 26-27.)  Because defendant possessed the firearm in connected with a controlled substance offense, he had a resulting offense level of 34 because it was greater than the career offender application.  (Id. at ¶ 27.)  Defendant was also deemed to be at a criminal history category VI based on the possession of a firearm.  (Id. at ¶ 38.)  Defendant's guideline range of imprisonment was 188 months to 235 months, and defendant was

- 7 -

sentenced to a term below the guideline range, 180 months, after the Court varied downward.  (Id. at ¶ 72; Doc. #102.)

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).  None of the authority cited would change the result and therefore defendant has not demonstrated a "gross disparity" if the sentence were to be imposed today.

### 4. Other Reasons

Defendant also argues that he requires physical therapy, as an inmate with a disability he has not been provided adequate accessibility and accommodations, and that he resides in harsh prison conditions.  In 'catch-all' fashion, the Court may consider a reduction in sentence when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  U.S.S.G. § 1B1.13(b)(5).  Even though defendant argues that he is seeking a reduction and not asserting a prison conditions case, none of these

arguments amount to anything more.  Further, all the complaint stem from prior institutions and specific circumstances.

**5. Danger and Other Factors**

The Court has previously and consistently found that defendant remains a danger to the community, which remains an obstacle for him.  Lastly, the 18 U.S.C. § 3553(a) factors do not weigh in favor of defendant.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for a Reduction in Sentence and or Compassionate Release Pursuant to Statute § 3582(c)(1)(A)(i); and the New Amendments to the United States Sentencing Guidelines Regarding Extraordinary and Compelling Reasons (Doc. #182) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of May 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record